**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICKEY PAUL ABRAM,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendant. | 2:03-CV-01636<br><br>**ORDER RE: PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT FOR FRAUD ON THE COURT** [36] |

    Currently before the Court is Plaintiff Rickey Paul Abram's ("Plaintiff") Motion to Set Aside Judgment for Fraud on the Court ("Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 60(d)(3) [36]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion.

///

**I. BACKGROUND**

Plaintiff filed his Complaint on March 11, 2003 against the United States; U.S. Congress; U.S. Department of Justice; the County of Los Angeles, California; the County of Ventura, California; and the State of California (collectively, "Defendants") [3]. In his Complaint, Plaintiff appears to assert that Defendants failed to investigate complaints of civil rights violations under Title VI of the Civil Rights Act of 1964 occurring at the Chuckawalla Valley State Prison, where Plaintiff was a prisoner. Compl. 3:15-21, ECF No. 3.

On January 14, 2003, nine months after Plaintiff filed his Complaint, this Court dismissed the Action without prejudice for Plaintiff's failure to serve any Defendant. Order Dismissing Pl.'s Compl. 2:21-23, ECF No. 24. Plaintiff then filed his Notice of Appeal to the Ninth Circuit on March 11, 2004 [28]. On June 23, 2004, the Ninth Circuit ordered Plaintiff to pay the filing fees for his Appeal. See Mandate Re: Pl.'s Appeal 1, ECF No. 33. Following Plaintiff's failure to pay the filing fees, the Ninth Circuit dismissed Plaintiff's Appeal for failure to prosecute. Id.

Plaintiff filed his Motion on August 28, 2017 [36].

**II. DISCUSSION**

**A.  Legal Standard**

Plaintiff cites to Federal Rule of Civil Procedure 60(d)(1),(2), and (3) as the basis for his Motion.

Rule 60(d) states that courts may (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court. Rule 60 calls for an equitable remedy, and relief is reserved for only those instances where necessary to "prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998).

Rule 60(d)(1) and (2) are not relevant for Plaintiff's Motion. Courts have interpreted Rule 60(d)(1) as allowing a party to file an entirely new complaint.[1] Reiffin v. Microsoft Corp., No. C 11-03505 CRB, 2011 U.S. Dist. LEXIS 124027, at *7-8 (citing Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981)). Rule 60(d)(2) grants relief under 28 U.S.C. § 1655 to defendants not personally notified in a lien enforcement action. Inland Concrete Enters. v. Kraft, 318 F.R.D. 383, 416 (C.D. Cal. Aug. 24, 2016). 28 U.S.C. § 1655 states that any defendant not notified pursuant to the statute's requirements may enter his appearance within one year after final judgment, and the court will set aside the judgment.[2]

---

[1] Plaintiff focuses on "fraud on the court," even naming his Motion as such, and he is not seeking to file a new complaint.

[2] Plaintiff is the one bringing the motion for fraud on the court, not Defendants, and this Action is not a lien enforcement action. Therefore, Rule 60(d)(2) is completely irrelevant to Plaintiff's Motion.

Under Rule 60(d)(3), a court may set aside a judgment based on "fraud on the court."[3] "Fraud on the court" is "fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner." Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir. 1989). It is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision. Sierra Pac. Indus., 862 F.3d at 1167 (citing Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1131 (9th Cir. 1995)). Generally, non-disclosure, or perjury by a party or witness, does not alone amount to fraud on the court. In re Levander, 180 F.2d 1114, 1119 (9th Cir. 1999). Courts should narrowly read "fraud on the court" to preserve final judgments. Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1104 (9th Cir. 2006).

**B.   Discussion**

1.   District Courts Lack Authority to Review Appellate Decisions

In his Motion, Plaintiff, through Rule 60(d)(3), asks this Court to reconsider the Ninth Circuit's ruling on his Appeal. See Mot. 7, ECF No. 36.

---

[3] Rule 60(b)(3) allows a court to set aside a judgment for "fraud . . . , misrepresentation, or misconduct." Rule 60(b)(3) motions are subject to a one-year statute of limitations. Fed. R. Civ. P. 60(c). Relief based on "fraud **on the court**" under Rule 60(d)(3) is not subject to the one-year time limit set by Rule 60(c). See United States v. Sierra Pac. Indus., Inc., 862 F.3d 1157, 1167 (9th. Cir. 2017).

District Courts do not have authority to review decisions issued by the Court of Appeals. See Briscoe v. Jarvis, 77 F. Supp. 3d 183, 186-87 (D.D.C. 2015)(stating the court did not have authority to review D.C. Circuit orders, regardless of the merit of the claims); Colonna v. United States, No. 2:04-CV-1095 TS, 2006 WL 1699593, at *8 (D. Utah, June 13, 2006)(stating that the court did not have authority to review the findings of the Tenth Circuit after the petitioner argued the appellate decision was based on the government's false and misleading statements). Because this Court does not possess the ability to review decisions from the Ninth Circuit, this Court lacks jurisdiction to hear Plaintiff's Motion. Plaintiff's Motion is therefore **DENIED**.

    2.   <u>Plaintiff Has Failed to Provide Any Evidence of Fraud on the Court</u>

Even assuming Plaintiff correctly brought a motion for fraud on the court under Rule 60(d)(3), he has failed to provide sufficient evidence of such fraud. In his Motion, Plaintiff alleges, "The Court's decision was unfairly given due to illegal acts by the Defendants providing The Court with 'misinformation . . . .'" Mot. 2. Plaintiff further alleges the Defendants "committed 'Fraud upon The Court' by failing to serve the United States 9[th] Circuit Court [of] Appeals 'Court Summon'" on Plaintiff. Id. at 4. Plaintiff's remaining allegations, while confusing,

5

assert claims for "false imprisonment," "kidnapping," "torture," and "fraud" to name a few.[4]

"In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process." United States v. Stonehill, 660 F.3d 415, 444 (9th Cir. 2011)(internal quotations omitted). In addition, the relevant misrepresentations must go to the central issue in the case and must be critical to the outcome of the case. Id. at 452.

It is difficult to understand the "fraud on the court" Plaintiff is alleging in his Motion. The only alleged misconduct relevant to Plaintiff's 2003 civil action appears to be that Defendants failed to serve the Ninth Circuit "Court Summon[s]" on Plaintiff. Mot. 4. However, Plaintiff was the one who appealed this Court's dismissal of his Complaint to the Ninth Circuit. The Ninth Circuit dismissed his Appeal for failure to pay the filing fee, and therefore, Defendants were under no duty to serve a "Court Summon[s]" on Plaintiff.

Further, "fraud on the court" under Rule 60(d)(3) must be an "intentional, material misrepresentation." Sierra Pac. Indus., Inc., 862 F.3d at 1168 (internal

---

[4] Plaintiff's Motion appears to focus on his required sex offender registration with the State of California, which he claims amounts to slavery. See Mot. 4-5.

6

citations omitted). Plaintiff has not alleged a single misrepresentation Defendants made in this Action, much less an "intentional" and "material" misrepresentation. While Plaintiff refers to "misinformation" Defendants provided the Court, Plaintiff does not identify this alleged "misinformation." Importantly, Defendants were at no point even involved in this Action; the Court dismissed Plaintiff's Complaint for failure to serve Defendants. See Order Dismissing Pl.'s Compl. 2:21-23. Without any involvement in the Action, it is impossible for Defendants to "misinform" the Court. Because Plaintiff has failed to provide any evidence of, or even allege, any "fraud on the court," the Court **DENIES** Plaintiff's Motion.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion [36].

**IT IS SO ORDERED.**

DATED: September 25, 2017          s/ RONALD S.W. LEW
                                   HONORABLE RONALD S.W. LEW
                                   Senior U.S. District Judge